**ROYAL SHELL VACATIONS, INC.,**
a Florida corporation, Plaintiff,

v.

**Martin SCHEYNDEL, an individual, Tours & Attractions, Inc., a Florida corporation, Various John Does, Various Jane Does, ABC Companies, Defendants.**

No. 2:05–CV–357–FTM33SPC.

United States District Court,
M.D. Florida,
Fort Myers Division.

Oct. 20, 2005.

---

Jennifer L. Whitelaw, Whitelaw Legal Group, Naples, FL, for Plaintiff.

Christopher H. Muir, J. Christopher Robbins, Serri Elizabeth Miller, The Robbins Law Firm, St. Petersburg, FL, for Defendants.

## ORDER

CHAPPELL, United States Magistrate Judge.

This matter comes before the Court on the Defendants Martin Scheyndel and Tours & Attractions, Inc.'s Motion for a More Definite Statement (Doc. # 13) filed on October 6, 2005. The Defendant moves the Court for a more definite statement stating that the Complaint is insufficient to put the Defendant on notice as required by the Federal Rules. Specifically, the Defendant argues that the Plaintiff should have specified which article, reproduction, brochure, website, or whatever other media is at issue in this case to properly put them on notice.

Most Courts disfavor the use of Rule 12(e) because it is often used to delay the proceedings. *Dismuke v. Florida Board of Governors,* 2005 WL 1668895 (M.D.Fla. July 8, 2005) (citing Fed.R.Civ.P. 12(e)). Motions for more definite statements should only be granted where the pleading is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading. *Id.* A motion for more definite statement should not be used as a means of discovery. *Pucci v. USAir,* 940 F.Supp. 305, 310 (M.D.Fla.1996). Thus, the Defendant's demand that the Complaint provide specific examples of copyright violations is simply not warranted under the federal rules.

The Federal system judges pleading by the notice standard. *Reich v. Gentle Dental Care of Sarasota, Inc.,* 1996 WL 78361 (M.D.Fla. February 16, 1996). The Rules state in pertinent part:

[a] pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third party claim, shall contain (1) short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short plain statement of the claim, and (3) a demand for judgement for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

Fed.R.Civ.P. 8(a). Therefore, if the Plaintiff's complaint indicates generally the type of litigation involved it is sufficient to put the Defendants on notice. *Reich,* 1996 WL 78361 *2.

Here, the Amended Complaint clearly establishes that he Defendants are accused of violating the Plaintiff's copyright to certain photographs. The Plaintiff filed the photographs, it claims violated its copyright as supplemental exhibits to the amended complaint. (Doc. # 12 Exhibit 1). Moreover, the Plaintiff states that an agreement was reached between the parties that the Defendants would not seek a motion for a more definite statement if the Plaintiff would amend the Complaint by eliminating the word "statutory" from paragraph 40. The Complaint was so amended. Therefore, after review of the record, the Amended Complaint, and the relevant exhibits, the Court finds that the Plaintiff's Amended Complaint satisfies the notice pleading requirements of the Federal Rules.

Accordingly, it is now

**ORDERED:**

The Defendants Martin Scheyndel and Tours & Attractions, Inc.'s Motion for a More Definite Statement (Doc. # 13) is **DENIED.**